# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: 2:09-CR-00240-RLH-RJJ |
| Plaintiff, | **O R D E R** |
| vs. | (Motion Pursuant to §2255-#99) |
| BRIAN FIERRO, | |
| Defendant. | |

     Before the Court is Defendant Brian Fierro's **Motion Pursuant to 28 U.S.C. §2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody** (#99, filed December 4, 2012). The Government filed its Response in Opposition (#105) on January 10, 2013. Both were timely filed. No Reply (due January 16, 2013) was filed.

     Defendant alleges ineffective assistance of counsel for (1) failing to seek personnel files of all law enforcement officers involved to determine whether they were ever found to have perjured themselves or planted evidence; (2) failing to investigate the affirmative defense that the officers involved set him up using police informants; and (3) failing to preserve biological

evidence, which could have exonerated him through DNA testing of the firearm and its ammunition.

**BACKGROUND**

Defendant was convicted of interference with commerce by robbery, discharging a firearm during a crime of violence and two counts of being a felon in possession of a firearm, arising from his armed robbery of the Lucky Nickel Saloon in Las Vegas on April 8, 2009. The evidence was overwhelming. Fierro was sentenced to concurrent 120-months terms for counts 1 (the robbery), 3, and 4 (each felon in possession, and a consecutive term of 120 months for 2 (discharging firearm during robbery). An appeal was taken on three grounds: (1) the District Court committed plain error by not conducting a balancing test before admitting clearly prejudicial evidence; (2) the evidence that the business was engaged in interstate commerce was insufficient to prove the robbery had any effect on interstate commerce; and (3) the District Court erred in not dismissing one of the possession of firearm counts as duplicitous.

The Circuit Court affirmed the convictions but required that this Court to dismiss either count 3 or 4. Count 4 was dismissed, but the ultimate sentence was not affected.

Fierro, a five-time convicted felon, donned a mask, went into the saloon shortly after midnight, went behind the bar, drew his handgun and yelled at the bartender to give him money. He shot an approaching patron in the leg and fled with $395.00. A videotape captured these events on tape. Two acquaintances of Defendant had driven him to the saloon and waited for him in the car. One of them declined Fierro's offer to go into the saloon to help him rob it. While Fierro was in the saloon, they heard a gunshot, after which Fierro ran out of the saloon telling his acquaintances that he had shot someone. Fierro matched the physical description of the Defendant. A witness identified the gun Fierro used.

A few days after the robbery, Fierro sold the firearm to an undercover police officer and offered to sell him additional firearms. Ballistics testing matched the gun with the bullet that struck the patron and ended up in a wall.

AO 72
(Rev. 8/82)

On June 14, 2012, Fierro filed a pro se Motion for DNA Testing Pursuant to the Innocence Protection Act of 2004, which was opposed by the Government. The motion was denied because the evidence was overwhelming that Fierro used the gun to commit the robbery and had still possessed it when he sold it to an undercover officer. Also, he did not meet the criteria for DNA testing under the Innocence Protection Act and the gun had been forfeited and destroyed–unobtainable for testing. And, the results of DNA testing, even had they been obtainable, could not undermine the validity of his convictions or raise a reasonable probability that he did not commit the offenses.

On December 4, 2012, Fierro filed the present motion.

## ANALYSIS

In order to establish a claim of ineffective assistance of counsel, a defendant must demonstrate both that his counsel's performance was deficient and that the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 688-93 (1984). To establish deficient performance, Fierro must show that his performance "fell below an objective standard of reasonableness" based on "the facts of the particular case viewed as of the time of counsel's conduct." *Id.* at 688, 690. To show prejudice, he "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

The Court can summarily deny a §2255 motion, without a hearing, where the motions rests on conclusory allegations, *Blackledge v. Allison*, 431 U.S. 63, 76 (1977), as where the claims are "palpably incredible" or "patently frivolous or false." *Id.* Such is the case here.

I. Alleged Failure to Obtain Personnel Files of Law Enforcement Officers

II. Failure to Indulge Fierro's Police Conspiracy Theory

These claims are purely conclusory. No officer is named, nor does he allege any specific facts that any officer "involved" planted evidence in this case or any other. He merely speculates that it *could* be so. Without any indication that personnel records would divulge some

3

relevant, significant misconduct on the part of a law enforcement officer, this claim fails to allege either deficient performance by counsel or prejudice, and simply ignores the overwhelming evidence against him. It ignores the evidence that he, himself, sold the gun to the undercover officer, and fails to explain how an officer could find the gun to "plant" it on him or why they would choose him as the fall guy. He cannot establish prejudice from unfounded speculation that officers "perjured themselves or planted evidence" on him, when substantial evidence came from other witnesses who were not officers, including testimony from his own acquaintances.

In the absence of any reason to indulge Fierro's unfounded theory that the police conspired with informants to "set up" Fierro, his counsel cannot be found to have acted deficiently. His preposterous theory cannot be squared with the evidence outlined above and does not explain how he personally came into possession of the gun used at the crime scene, which he sold to the undercover detective. Thus, he also fails to show prejudice.

### III. Failure to Seek DNA Testing of the Gun

Although not conclusory, this claim fails to allege deficient performance or prejudice. Neither the presence nor absence of Fierro's DNA on the gun would have had any significant exculpatory implications because his convictions were based primarily on eyewitness and undercover testimony. Like the lack of fingerprints on a weapon, the lack of DNA on a firearm does not demonstrate lack of possession. There can be many reasons why there is insufficient evidence of a particular DNA on a firearm. If it had been found, it would only been duplicative and compounding of the evidence against him. His attorney cannot be held to have been deficient in his representation to pursue meaningless evidence.

Accordingly, Fierro's claims are conclusory and/or otherwise fail to meet the *Strickland* test. A hearing is not required, and the motion will be denied.

## CONCLUSION

AO 72
(Rev. 8/82)

IT IS THEREFORE ORDERED that Defendant Brian Fierro's **Motion Pursuant to 28 U.S.C. §2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody** (#99) is denied.

Dated: February 12, 2013.

_____
**ROGER L. HUNT
United States District Judge**

AO 72
(Rev. 8/82)